**In re SOLIS.**

[Cite as *In re Solis* (1997), 124 Ohio App.3d 547.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71625.

Decided Dec. 22, 1997.

548

*Scott Hurley*, Assistant Public Defender, for appellant.

*Kestra Smith–Crutcher*, Assistant Cuyahoga County Prosecuting Attorney, for appellee.

DYKE, Judge.

Appellant, Serafin Solis, a minor, is appealing his adjudication of delinquency and disposition, committing him to the Ohio Department of Youth Services for a minimum of one year and a maximum of the appellant's twenty-first birthday. For the following reasons, we affirm in part, reverse in part, and remand.

The following statement of facts is based on the docket and journal entries. No transcripts were taken.

The complaint alleged that appellant had participated in acts which, if committed by an adult, would constitute aggravated robbery and petty theft. The case came on for hearing on August 23, 1995. A journal entry states that the court explained to appellant his legal rights, procedures, and possible consequences of a hearing pursuant to Juv.R. 29. The court, on its own motion, found the child dependent and placed him in the emergency care and custody of the Cuyahoga County Department of Children and Family Services ("CCDCFS"). The appellant requested counsel, so the matter was continued.

On September 25, 1995, appellant appeared with his attorney. Appellant, through his attorney, admitted the allegations of the complaint. The court found appellant delinquent and continued the matter for disposition. The court also found that appellant was a dependent child and committed him to the temporary custody of CCDCFS, to enter therapeutic foster placement. The order of August 23, 1995 was terminated.

On January 10, 1996, a hearing was held. The court ordered that appellant remain in the temporary custody of CCDCFS and maintain current placement. The case was continued.

At a hearing on September 5, 1996, the juvenile court committed appellant to the Department of Youth Services and remanded him to the detention center. The journal entry is printed on a standard form. The form stated that the court explained legal rights, procedures, and consequences of a hearing pursuant to Juv. R. 29. A box was checked, indicating that appellant had waived his right to counsel.

Appellant's sole assignment of error states:

"The juvenile court's failure to record proceedings of child–appellant's case, in violation of Juv.R. 37(A), precludes meaningful appellate review of the lower court's decision and of child appellant's waiver of right to counsel, and requires reversal."

The adjudication hearing on September 25, 1995 is appealable now because a delinquency adjudication without a disposition is not a final appealable order. *In re Sekulich* (1981), 65 Ohio St.2d 13, 19 O.O.3d 192, 417 N.E.2d 1014. Appellant's counsel was present at the adjudication hearing. This court cannot reverse the adjudication of delinquency based on the denial of appellant's right to counsel.

The record does not state whether the court informed appellant of his rights and the consequences of his plea at the adjudication hearing. A knowing, intelligent waiver will not be presumed from a silent record. See *In re McKenzie* (1995), 102 Ohio App.3d 275, 656 N.E.2d 1377.

Appellant has not assigned as error that his plea was not knowingly and voluntarily made. Plain errors may be noticed, although they were not brought to the attention of the court. Crim.R. 52; see, also, App.R. 12(A), *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400. To rise to the level of plain error, it must appear on the face of the record not only that error was committed, but that except for the error, the result clearly would have been otherwise. *State v. Bock* (1984), 16 Ohio App.3d 146, 16 OBR 154, 474 N.E.2d 1228. Appellant does not claim that the plea was not knowing and voluntary, so this court cannot assume the plea was involuntary. Cf. *State v. Kelly* (Nov. 2, 1989), Cuyahoga App. No. 55905, unreported, 1989 WL 132116. This court will not address the issue of whether the admission was knowing and voluntary.

Appellant did not have counsel at the dispositional hearing on September 5, 1996. A child is entitled to counsel at all stages of the proceedings. *In re East* (1995), 105 Ohio App.3d 221, 663 N.E.2d 983; Juv.R. 4(A) and 29(B); R.C. 2151.352. Appellant was entitled to counsel at the dispositional hearing. *In re Johnson* (1995), 106 Ohio App.3d 38, 42, 665 N.E.2d 247, 249.

Appellee argues that counsel was not required because the child was told that if the foster care did not work out, he could be resentenced to a correctional facility. Whether counsel is necessary at a probation revocation hearing is at the discretion of the trial judge. *In re Burton* (Aug. 14, 1997), Cuyahoga App. No. 70141, unreported. However, the hearing on September 5, 1996, was a dispositional hearing, not a revocation of probation.

The journal entry in question states that the child waived counsel, after the judge informed him of "legal rights, procedures and possible consequences of hearing pursuant to Juvenile Rule 29." This court has found that such a journal entry is sufficient to establish a knowing and voluntary waiver of counsel. See *In re East,* 105 Ohio App.3d 221, 663 N.E.2d 983; cf. *In re Kriak* (1986), 30 Ohio App.3d 83, 30 OBR 140, 506 N.E.2d 556. We based the *East* decision on the fact that Juv.R. 37, as written at that time, did not require a record of the proceedings be made.

Juv.R. 37 has since been amended, and, effective July 1, 1996, dispositional proceedings of delinquency cases must be recorded by shorthand, stenotype, or other adequate mechanical, electronic, or video recording device. Some type of transcript is now required, so a notation in the journal entry that the child waived counsel is no longer sufficient. See *In re Ward* (June 12, 1997), Cuyahoga App. No. 71245, unreported; see, also, *In re Montgomery* (1997), 117 Ohio App.3d 696, 691 N.E.2d 349.

In an adult proceeding, a written waiver signed by the defendant is insufficient to show that the defendant knowingly and voluntarily waived his right to counsel. *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309. The United States Constitution mandates that the waiver affirmatively appear on the record. *Id.* The same rule should apply to a juvenile proceeding, now that a transcript of the proceedings is required. There is no material difference in the constitutional right to counsel in a juvenile as in an adult proceeding. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

Accordingly, appellant's assignment of error is sustained in part and overruled in part.

The trial court's journal entry dated October 25, 1996, concerning the hearing of September 5, 1996, is reversed. All other orders of the trial court are affirmed. This cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

JAMES D. SWEENEY, C.J., and KARPINSKI, J., concur.