OPINION
The appellant, Ms. Michael Hart, appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which placed the permanent custody of her daughter, Natalie, with Cuyahoga County Department of Children and Family Services (CCDCFS). The appellant asserts various procedural errors committed during the pendency of the custody case concerning her daughter prevented the court from providing her with a fair hearing.
On April 25, 1996, CCDCFS filed a complaint for neglect and requested the permanent custody of Natalie Hart (d.o.b. 8/25/85) and her younger sister, Gabriel Hart. Natalie's mother, Michael Hart, is schizophrenic and her father is deceased. The court granted emergency temporary custody as to both children. A Guardian ad Litem was appointed for each child and for the appellant. The case began its journey through juvenile court.
On October 9, 1996, a hearing was held. On October 11, 1996, the trial court ordered that the children be placed in long term foster care. Gabriel was committed to the permanent custody of CCDCFS for the purposes of adoption. The trial court's order regarding Gabriel was appealed and affirmed by this court in Inre Hart (April 16, 1998), Cuyahoga App. No. 71783, unreported.
As to Natalie, on April 23, 1998, CCDCFS filed a motion requesting that the order providing CCDCFS with long term custody be modified and that CCDCFS be granted permanent custody. TheGuardian ad Litem appointed for Natalie filed a report on August 31, 1998. This report indicates that Natalie is in residential treatment in Columbus, Ohio, that Natalie does not wish to be adopted, and that Natalie specifically requested to remain in long term foster care. The report concludes by recommending that Natalie be placed in the permanent custody of CCDCFS. The trial court-allegedly held a hearing on August 31, 1998, which resulted in the granting of permanent custody of Natalie to CCDCFS. It is this determination the appellant seeks to have reversed.
The appellant sets forth three assignments of error. The third assignment of error will be considered first.
The appellant's third assignment of error:
 THE TRIAL COURT FAILED TO MAKE A COMPLETE RECORD OF THE PERMANENT CUSTODY HEARING AS REQUIRED BY R.C. 2151.35 AND JUVENILE RULE 37(A).
The appellant argues that the trial court erred in failing to record the permanent custody hearing regarding Natalie as required by Juv.R. 37(A).
Juv.R. 37(A) states in pertinent part:
 (A) Record of Proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device. (Emphases on shall added).
The Ohio Supreme Court has held that in an action to force the permanent, involuntary termination of parental rights, the United States and the Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, citing to State ex rel. Miller (1980), 61 Ohio St.2d 6. This court considered the mandatory requirement of transcripts in In re Solis (1997), 124 Ohio App.3d 547, a case concerning an adjudication of delinquency. The court held that, effective July 1, 1996, Juv.R. 37 was amended to require the recording of delinquency dispositional proceedings. Since some type of transcript is required, a notation in a journal entry is insufficient. Id. In In re Collins (1998), 127 Ohio App.3d 278, this court considered a case where no transcript was made of an adjudicatory hearing in delinquency proceedings. This court was, once more, required to reverse the Juvenile Court for its failure to follow the mandatory requirements of Juv.R. 37(A). Similarly, see In re McCalpin (Dec. 3, 1998), Cuyahoga App. No. 74256, unreported and In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported.
Lest the conclusion be drawn that cases involving charges of delinquency are somehow in a separate category, it should be reiterated that in Miller, supra, the Supreme Court determined that an indigent parent had the right to a transcript where permanent custody was being sought and the transcript was necessary for an effective appeal. The Miller case discussed the fact that indigent parents, as indigent criminal defendants, have the right to counsel and a transcript at public expense for appeals as of right. The court specifically found that cases involving the involuntary, permanent termination of parental rights are unique. While stating that the state may permanently terminate parental rights where parents are unfit, the court also recognized the due process right of personal choice in family matters, including the right to live as a family unit. Id. The court also noted that it is the trial court's responsibility to prepare transcripts.
This court is now called to balance the appellant's duty under App.R. 9 to see that the record, including the transcript, is filed with the appellate court and the court's duty to provide for the recording of the transcript pursuant to Juv.R. 37(A). Although in Miller, supra, the decision turned on the question of indigency, the basic principles are applicable to the case subjudice.
A review of the record indicates that the August 31, 1998, transcript consists of a mere six pages. The court and the parties discuss a discovery dispute and then, prior to the commencement of a hearing on the merits, the court granted a continuance for one-half hour. There is no indication that any further recording was made. Given that the lack of a transcript was at issue in several recent cases, see Howard, Solis, Collins,McCalpin, and Ward, supra, this court declines to accept the state's argument that it can be assumed that the tape-recorder was turned on when the hearing began, but that the appellant failed to properly seek the additional transcript. The appellate rule does not absolve the trial court from complying with the rules of procedure and recording a hearing in the first place.
The appellant's third assignment of error is well taken and this case is remanded for a new hearing on the issue of the involuntary, permanent termination of the appellant's parental rights.
The first assignment of error:
 THE GUARDIAN AD LITEM FAILED TO FILE A WRITTEN REPORT AS REQUIRED BY R.C. 2151.414(C).
The appellant asserts that the Guardian ad Litem's failure to file a report in 1996 constitutes reversible error. Likewise, the appellant states that no Guardian ad Litem report was filed prior to the 1998 hearing.
The adjudication that a child is neglected, followed by a disposition awarding temporary custody to a public children's service agency constitutes a final appealable order. In re Murry
(1990), 52 Ohio St.3d 155. A litigant has thirty days to appeal from a final order. App.R. 4.
Here, the trial court found Natalie to be neglected and placed her in long term foster care on October 11, 1996. No appeal from that order was taken as to Natalie. The appellant failed to timely file an appeal alleging deficits in the adjudication of neglect. The question of whether or not the 1996 Guardian adLitem report was filed is not properly before this court.
Finally, issues regarding the 1998 hearing are moot pursuant to the determination in the third assignment of error, supra, and App.R. 12.
The appellant's first assignment of error is overruled.
The appellant's second assignment of error:
 THE TRIAL COURT FAILED TO CONSIDER THE CHILD'S WISHES IN GRANTING PERMANENT CUSTODY TO THE AGENCY.
In the first assignment of error, supra, this court remanded for a new permanent custody hearing. This assignment of error is moot pursuant to App.R. 12.
Judgment reversed and remanded for hearing.
This cause is reversed and remanded for hearing.
It is, therefore, considered that said appellant(s) recover of said appellee(s) their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 _________________________________ JAMES D. SWEENEY JUDGE