JOURNAL ENTRY AND OPINION
Shaleatha Taylor, a minor child, (appellant) appeals from the judgment of the juvenile court finding her delinquent for the commission of acts which if she were an adult would be the offenses of aggravated menacing and assault.
Appellant assigns the following error for review:
 THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH JUVENILE PROCEDURE RULE 29 WHEN IT FAILED TO ILLICIT MEANINGFUL NARRATIVE RESPONSES FROM THE MINOR CHILD TO REVEAL THE EXTENT TO WHICH SHE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ELECTED TO WAIVE HER CONSTITUTIONAL RIGHTS AND MAKE ADMISSIONS TO THE COMPLAINTS AGAINST HER.
We find the appeal to be meritorious. The judgment of the trial court is reversed.
 I.
On August 24, 1998, two complaints were brought against appellant (DOB 3/28/84) in Delaware County for acts which if committed by an adult would be the crimes of aggravated menacing and assault. Appellant entered into a written admission in the Delaware County Juvenile Court. That court transferred the case to the Cuyahoga County Juvenile Court for disposition. On October 23, 1998, a complaint filed in Delaware County charged that appellant committed acts which would be assault on two people if appellant were an adult. The Delaware County magistrate transferred the case to this county because appellant's behavior was too inappropriate to obtain a knowing and voluntary admission from her. On February 10, 1999, another complaint was filed alleging appellant was delinquent for committing acts which would constitute assault. The last two cases were transferred to Cuyahoga County for adjudication and disposition. The alleged incidents all occurred while appellant was an inmate at the Scioto Village Juvenile Correction Center.
On March 31, 1999, appellant appeared pro se in the Cuyahoga County Juvenile Court on all the complaints. Appellant's attitude caused the magistrate to send her to the Detention Center for a period of time. Appellant's mother and aunt left the building before appellant was brought before the trial court. The following exchange occurred between the trial court and appellant:
THE COURT: Shaleatha, let's go over these files.
 9814553. That's transferred from Delaware County for disposition. You're in court on these charges down in Delaware County; is that correct?
MS. TAYLOR: Mm-hmm.
 THE COURT: And you admitted to them, you were found to be delinquent. All right, so we're here for disposition on a felony of the fifth degree, causing or attempting to cause physical harm to Barbara Moore, a detention officer, two counts.
MS. TAYLOR: Can I ask you a question?
THE COURT: Felony five. Yeah.
 MS. TAYLOR: I don't understand. I was in isolation for five days for that, and I was in Delaware for it, and I had to be on two weeks corrective level for that, so why they send me to court?
THE COURT: You had two weeks of what?
 MS. TAYLOR: I had two weeks corrective level, and I was in (inaudible) isolation — it's like a box, where you're in there by yourself.
 THE COURT: Well, see, that's the discipline that you got, the punishment at ODYS. These are criminal charges that were brought against you for that conduct.
 And we have file 9902180. It looks like another assault on a — to a correction officer, another felony five. This one being —
MS. TAYLOR: Some of them I got time for already.
 * * * THE COURT: On these new charges, do you know that you've got the right to be represented by a lawyer. If you want one, can't afford one, one will be appointed for you.
 I'll get back I'm going to ask how you respond. You can admit or deny. If you deny it, it will be set for trial. At the trial, the attorney for the prosecutor or the prosecuting attorney will have witnesses testify under oath. You or your attorney can cross-examine them.
 You can bring in your own witnesses. You can testify yourself. End of the trial, if I determine that the State has failed to prove its case beyond a reasonable doubt, I'll dismiss the charges. If I determine that it has, I'll find you delinquent. If I find you delinquent, then we have to decide what to do with you, but my options are to have you pay fine or court costs up to and including, of course, any back or additional sentences at the Ohio Department of Youth Services. Whatever decisions I make, if you disagree with them, you can appeal them to the Court of Appeals. Any questions? Yes, no. Can you speak?
MS. TAYLOR: No.
 THE COURT: You don't have questions. Okay let me ask you a couple. Do you want to be represented by a lawyer, or do you want to go forward without a lawyer?
MS. TAYLOR: What do you mean?
 THE COURT: What do you mean? I mean, do you want a lawyer, or do you want to go forward without a lawyer?
MS. TAYLOR: I just want to get it over with.
 THE COURT: All right, so I'll take that as a waiver of your right to be represented. And how do you respond to these two new charges? Are they true or are they not true?
MS. TAYLOR: They're true. All of them are true.
 THE COURT: All of them true? You understand that if you admit, you give up all the rights I just told you about, your right to trial, to confront witnesses, to challenge evidence, to have witnesses testify for you. You give up your right to remain silent.
MS. TAYLOR: Yes.
 THE COURT: You understand that if you admit, I'll accept your admission, and I'll adjudge you delinquent, and then we have to decide what to do with you. Do you understand that?
MS. TAYLOR: Yes.
 THE COURT: And understanding all that, you still want to make the admission? Yes, no?
MS. TAYLOR: Yes.
(Tr. 2-6).
The trial court sentenced appellant to three consecutive terms of six months. Appellant has appealed from the trial court's decision.
 II.
In her sole assignment of error, appellant challenges the trial court's compliance with Juv.R. 29(B) and (D). Appellant contends the trial court did not ascertain whether notice requirements were met, explain all of the charges pending against her, engage appellant in a colloquy regarding the allegations set forth in the complaint, convey to appellant her right to an attorney at all stages of the proceedings, or inform appellant about the possible consequences of an admission. Appellant asserts the trial court did not determine if she was making the admission voluntarily, intelligently, and knowingly.
Juv.R. 29(B) provides:
 At the beginning of the hearing, the court shall do all of the following:
 (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.
Juvenile proceedings must comply with due process requirements, including that of adequate written notice. In re Gault (1967), 387 U.S. 1. Parents are considered to be necessary parties to any proceeding concerning a child in juvenile court and must be served. Id. R.C. 2151.28(C) provides in pertinent part:
 The court shall direct the issuance of a summons directed to the child except as provided by this section, the parents, guardian, custodian, or other person with whom the child may be and any other persons that appear to the court to be proper or necessary parties to the proceedings, requiring them to appear before the court at the time fixed to answer the allegations of the complaint.
The provisions of R.C. 2151.28 are mandatory and jurisdictional. See In re Dingess (July 15, 1998), Scioto App. No. 97CA2531, unreported.
Although three separate cases involving appellant were before the trial court, the record reflects that service was obtained only on appellant's mother in the case which was transferred to this county for disposition and not adjudication. At the hearing, the trial court stated that appellant's mother and aunt were there but had left after the magistrate sent appellant to the detention center. The trial court was informed that the aunt was appellant's legal guardian. The trial court never addressed the issue of notice in contravention of the mandates of Juv.R. 29(B)(1). The record does not support that proper notice was obtained in the instant case or that the mother or aunt, if she is indeed the legal guardian, waived compliance. Therefore, the trial court lacked jurisdiction to proceed with the hearing and to adjudicate appellant delinquent and command her to the care of the Ohio Department of Youth Services for eighteen months.
Although this court need not address the remainder of the issues argued on appeal by appellant, the trial court's lack of substantial compliance with Juv.R. 29 at least should be mentioned. Juv.R. 29(D) requires the trial court to make a careful inquiry before accepting an admission. In re Nicholson (1999), 132 Ohio App.3d 303. The trial court must personally address the juvenile on the record to ascertain whether the admission is knowing and voluntary. In re McKenzie (1995), 102 Ohio App.3d 275. The trial court must ensure that the juvenile understands the charges brought against him or her. In re Flynn (1995), 101 Ohio App.3d 778. The trial court is to address the juvenile to determine if the juvenile understands the rights which he is waiving by making an admission. In re Onion (1998), 128 Ohio App.3d 498. A reviewing court will look to the totality of the circumstances when making a determination of whether the admission was voluntarily, intelligently, and knowingly made. Id. The failure of the trial court to substantially comply with Juv.R. 29(D) necessitates the reversal of the adjudication to permit the juvenile to plead anew. In re Jenkins (1995), 101 Ohio App.3d 177.
The trial court's discussion of appellant's constitutional rights and of the charge's brought against her was too cursory to comply with Juv.R. 29(D). From her responses that she already had been punished for the offenses, it is apparent that appellant did not understand the charges. Further, appellant's waiver of her right to counsel was inadequate. To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the juvenile fully understands and intelligently relinquishes that right. In re Nation (1989),61 Ohio App.3d 763. A juvenile is entitled to an attorney at all stages of the proceedings. In re Solis (1997), 124 Ohio App.3d 547. A waiver of counsel must affirmatively appear on the record. Id. Here, the trial court told appellant she had the right to be represented by counsel on the new charges but did not mention that the right to an attorney extended to the charges for which appellant had entered an admission. Therefore, appellant's waiver of her right to be represented by counsel was not knowingly and intelligently made. See In re Doyle (1997), 122 Ohio App.3d 767; In re Johnson (1995), 106 Ohio App.3d 38. The trial court did not comply with Juv.R. 29 when accepting appellant's admission.
Appellant's assignment of error is sustained.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ LEO M. SPELLACY, JUDGE
DIANE KARPINSKI, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR.