DECISION AND JUDGMENT ENTRY
Scott D. Snyder appeals from the Highland County Common Pleas Court, Juvenile Division, judgment entry committing him for institutionalization. He assigns the following error:
 APPELLANT SCOTT D. SNYDER, A MINOR, AGE 17, WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COURT APPOINTED ATTORNEY NEVER MET WITH HIM AT ANY TIME BETWEEN THE DATES THE COMPLAINTS WERE FILED AND THE DISPOSITIONAL HEARING AND, FURTHER, WHEN SAID COURT APPOINTED COUNSEL DID NOT TALK BY TELEPHONE WITH APPELLANT BETWEEN THE TIME OF THE FILING OF THE COMPLAINTS AND THE DISPOSITIONAL HEARING AND, FURTHER, WHEN SAID COURT APPOINTED COUNSEL APPEARED 45 MINUTES LATE FOR A PRETRIAL CONFERENCE, WHICH TURNED INTO A DISPOSITIONAL HEARING, AND THEN REACHED A PLEA BARGAIN WITH THE PROSECUTING ATTORNEY WHICH RESULTED IN A MINIMUM OF 3 + YEARS OF INCARCERATION FOR APPELLANT DESPITE THE FACT THAT SAID COURT APPOINTED COUNSEL HAD NEVER MET WITH APPELLANT PRIOR TO THE DATE OF SAID DISPOSITIONAL HEARING.
For the reasons that follow, we decline to address the merits of this assignment of error.
In November 1999, appellant and his parents appeared for a pre-trial hearing on six different cases. Counsel informed the court that an agreement had been reached between the parties. Two of the cases were dismissed and appellant admitted the truth of several counts in the two cases now on appeal. Appellant admitted that he committed the following acts which would be crimes if he were an adult: two counts of grand theft of a motor vehicle, breaking and entering, criminal damaging, burglary (felony of the second degree), misdemeanor theft, burglary (felony of the third degree), and receiving stolen property.
The trial court questioned appellant, his trial counsel and his parents, and all indicated that they clearly understood the agreement and the various rights that were being waived. Appellant admitted his involvement in these counts and the court found appellant to be a delinquent child. The trial court then advised appellant and his parents that the adjudicatory phase of the proceedings was complete and appellant had the right to a continuance prior to the dispositional hearing. Appellant's trial counsel indicated that she had discussed the dispositional phase with appellant and his parents, and they wished to waive the right to a dispositional hearing at a later date and proceed immediately.
The state indicated that no agreement regarding disposition had been reached and each attorney was given an opportunity to address the court regarding disposition. The court ordered appellant committed to the custody of the Department of Youth Services (DYS) for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed appellant's attainment of age twenty-one on the delinquency count of burglary. On the remaining five counts, the court ordered appellant committed to DYS's custody for a minimum period of six months and a maximum period not to exceed his attainment of age twenty-one. The court ordered all six counts to run consecutively for a minimum sentence of three and one-half years and a maximum period not to exceed appellant's twenty-first birthday. Appellant filed a timely appeal from this entry.
A juvenile is entitled to an attorney at all stages of proceedings in juvenile court. In re Solis (1997), 124 Ohio App.3d 547 . Appellant argues that his trial counsel was ineffective in that she didn't meet or speak with appellant before the dispositional hearing, arrived at the courthouse forty-five minutes late for the hearing and reached a plea agreement which resulted in appellant being held in the custody of DYS for a minimum of three and one-half years.
The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693, 104 S.Ct. 2052. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland,466 U.S. at 687, 80 L.Ed.2d at 693; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
Here, appellant argues that his trial counsel was ineffective in that she appeared forty-five minutes late for the hearing, did not meet with appellant prior to the date of the hearing and did not speak to appellant on the telephone. Appellant contends that his trial counsel's actions resulted in his sentence of a minimum of three and one-half years in DYS's custody. We can not determine the accuracy of these allegations on the record as it now stands.
In State v. Cooperrider (1983), 4 Ohio St.3d 226, the Supreme Court of Ohio considered whether an appellate court can resolve an ineffective assistance of counsel claim which relies upon facts that are not in the record. While answering that question in the negative, the Court reasoned:
 It may be that in the present case appellant can allege sufficient facts to state a claim of ineffective assistance of counsel. However, it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. State v. Hester
[(1976), 45 Ohio St.2d 71]. Such a hearing is the proper forum for appellant's claim.
4 Ohio St.3d at 228.
Since we expressly decline to adjudicate the issue of the ineffectiveness of appellant's trial counsel, he should have no fear that the doctrine of res judicata will prevent him from raising this issue in a post-conviction hearing. As such, appellant is free to petition the trial court for a post-conviction evidentiary hearing in order to develop a record upon which this issue may be more effectively addressed.4 Ohio St.3d at 228-229. Accordingly, appellant's assignment of error is overruled.
Having found no merit in appellant's assignment of error, the judgment of the trial court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge