JOURNAL ENTRY AND OPINION
Appellant Katheryn Parker appeals from orders of the Cuyahoga County Court of Common Pleas, Juvenile Division, that found appellant to be in violation of her probation and that committed her to the Ohio Department of Youth Services ("ODYS") for a minimum period of one year.
Appellant challenges the trial court's order of commitment by contending the record is inadequate to demonstrate either that she understood the consequences of her admission at the adjudicatory hearing to the charge of violation of a court order or that she voluntarily waived her right to be represented by counsel during the proceedings below.
Since the trial court failed to make a record of the adjudicatory hearing as mandated by Juv.R. 37(A), appellant's assignments of error are sustained. The trial court's orders of adjudication and disposition are reversed, and this case is remanded for a new adjudicatory hearing on the charge against appellant of violation of the order of probation.
The original complaint of delinquency against appellant was filed in the trial court on July 15, 1998. The complaint alleged appellant committed an offense that would constitute aggravated robbery, a first degree felony, if committed by an adult.
On October 13, 1998 a hearing was held before a magistrate. The magistrate's adjudicatory decision was set forth upon a preprinted form. The following items on the form bore checkmarks: (1) the parties had received notice and were present; (2) the parties' legal rights, the court procedures, and the consequences of the hearing were explained; (3) the parties waived their right to counsel; (4) the child voluntarily admitted the allegations of the complaint; and (5) the magistrate found appellant to be delinquent.
The form consisted of a second page indicating the dispositional hearing followed immediately. The magistrate placed appellant on probation under the supervision of a probation officer. Appellant was to obey a curfew and attend counseling.
On October 20, 1998 the trial court approved the magistrate's decision. On December 14, 1998 the decision was filed with the clerk of court.[1]
On February 18, 1999 appellant's probation officer filed a motion alleging appellant had violated the terms of her probation. The matter was set for hearing but rescheduled several times. On July 9, 1999 the magistrate once again attempted to conduct a hearing, but since the parties had failed to appear, he merely continued the matter and issued a warrant for appellant's arrest. This order, however, remained unfiled for some months.
On November 17, 1999 the magistrate ultimately held the hearing on the probation officer's motion. On the preprinted decision form, he noted the probation officer had requested orally to withdraw the motion. Although the magistrate granted the probation officer's oral request, he also imposed several new and additional conditions upon appellant's continued probation. These conditions included the following: (1) attend school daily with sign-in sheets; (2) obey a curfew as determined by the probation officer and appellant's mother; (3) submit to weekly urine tests; (4) continue to participate in counseling; and (5) keep all scheduled probation appointments.
On November 11, 1999 the trial court approved the magistrate's decision. On December 2, 1999 the decision was filed with the clerk of court.
On March 3, 2000 appellant's new probation officer filed a motion requesting the trial court to find appellant violated the order of 10/13/99. (Sic.)[2]
On March 22, 2000 the magistrate held a hearing on the motion. On the preprinted form, the following items bore a checkmark: (1) the parties had received notice and were present; (2) the parties' legal rights, the court procedures, and the consequences of the hearing were explained; (3) the parties waived their right to counsel; (4) the child voluntarily admitted the allegations; and (5) the magistrate found appellant to be in violation of the court's earlier probation order. The magistrate continued the matter for disposition until April 20, 2000; appellant was released on home detention with electronic monitoring.[3]
On April 20, 2000 the scheduled dispositional hearing proceeded. The transcript of this hearing indicates neither appellant nor her mother was represented by counsel. Both appellant's mother and appellant's probation officer expressed frustration with appellant's refusal to cooperate with them.
At the conclusion of the hearing, the magistrate issued his decision. The decision ordered appellant committed to the ODYS for a minimum period of one year to a maximum period not to exceed appellant's attainment of the age of twenty-one years. On May 5, 2000 the trial court approved the decision. On May 11, 2000 the decision was filed with the clerk of court.
Appellant has filed a timely appeal of the foregoing decision and order. She presents the following two interrelated assignments of error:
 I. THE TRIAL COURT ERRED BY ACCEPTING AN ADMISSION WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY AND FAILING TO CREATE A RECORD IN VIOLATION OF JUV.R. 29, JUV.R. 35(B), JUV.R. 37, JUV.R. 40(D)(2), AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. KATHERYN PARKER WAS DENIED HER RIGHT TO COUNSEL IN VIOLATION OF JUV.R. 35(B), JUV.R. 4 AND JUV.R. 29, R.C. 2151.352, SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant argues the record in this case is insufficient to demonstrate that she made a lawful admission of the probation violation charge at the adjudicatory hearing. Moreover, appellant argues the record is insufficient to demonstrate she made a lawful waiver of her right to counsel at either the adjudicatory or the dispositional hearing on the probation violation charge.[4] This court agrees.
 As the state concedes in its appellate brief, the trial court in this case failed to make a record of the adjudicatory hearing as required by Juv.R. 37(A). In re Collins (1998), 127 Ohio App.3d 278; cf., In re Motley (1996), 110 Ohio App.3d 641.
Moreover, neither a journal entry nor a waiver form is a valid substitute for the court's duty personally to address the juvenile to determine whether she is voluntarily waiving her constitutional rights. In re Royal (1999), 133 Ohio App.3d 406; In re Solis (1999),124 Ohio App.3d 547.
Since there is no record of the adjudicatory hearing, and since the transcript of the dispositional hearing fails to demonstrate the trial court discussed appellant's right to counsel at that proceeding, this court may not presume only from the entries on the preprinted forms that appellant made either a valid admission or a valid waiver of her right to counsel. In re Montgomery(Jan. 9, 1997), Cuyahoga App. No. 69279, unreported; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Royal, supra; In re Sproule (Jan. 17, 2001), Lorain App. Nos. 00CA997575, 00CA007580, unreported. Cf., In re Burton (Aug. 14, 1997), Cuyahoga App. No. 70141, unreported; In the Matter of: Mark B (Feb. 11, 2000), Lucas App. No. L-99-1066, unreported.
Accordingly, appellant's assignments of error are sustained.
The trial court's orders are reversed. This case is remanded for new adjudicatory and dispositional hearings consistent with this opinion in compliance with the requirements of the applicable Juvenile Rules.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ KENNETH A. ROCCO, JUDGE
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J. CONCUR
[1] Appellant filed no appeal from the entry of the original order of disposition.
[2] A review of the list of appellant's alleged violations indicates the motion actually referred to the trial court's order filed on December 2, 1999 rather than the order of probation resulting from the original October 13, 1998 dispositional hearing.
[3] The record reflects that while disposition was pending, on March 27, 2000 appellant's home detention officer filed a motion to take appellant into custody. The officer alleged appellant had, on three separate dates, violated the conditions of her release.
[4] This court may not address appellant's same arguments challenging the trial court's original adjudication and disposition on the charge against her of delinquency since appellant failed to file an appeal of the original order of disposition. App.R. 4(A) and (B)(2); cf., In re Solis (1997), 124 Ohio App.3d 547.