JOURNAL ENTRY and OPINION
Appellant Doris Garcia Aguilar, mother of Luigy Garcia, Doris Garcia, Louis Garcia, Jonathan Garcia and Alejandro Aguilar, Jr. appeals from the juvenile court's order granting Cuyahoga County Department of Children and Family Services (CCDCFS) permanent custody of Alejandro and ordering the rest of the children to be placed in a planned permanent living arrangement (PPLA). We find merit to the appeal and reverse and remand for another hearing.
On December 12, 1996, CCDCFS filed a complaint in juvenile court alleging the five children to be abused and dependent as defined by R.C.2151.031 and R.C. 2151.04(C). Temporary custody was awarded to CCDCFS on March 11, 1997.
On June 22, 1997, CCDCFS filed a motion to modify temporary custody to protective supervision. After a hearing on the matter, the children were ordered into the legal custody of their stepfather under the protective supervision of CCDCFS. On August 11, 1997, CCDCFS made an oral motion to withdraw its protective supervision motion based upon alleged abuse of the children that occurred during reunification. The children were then again placed into the temporary custody of CCDCFS.
On January 8, 1998, CCDCFS filed a motion to modify temporary custody to permanent custody. The juvenile court held a hearing over nine different days: April 13, 1998; July 23, 1998; October 22, 1998; December 21, 1998; November 29, 1999; April 24, 2000; May 2, 2000; May 11, 2000; and May 16, 2000. During this time several different motions were ruled upon. Luigy was deleted from the CCDCFS motion and released from CCDCFS custody because he had reached the age of majority. The juvenile court also granted the CCDCFS motion to amend its request for permanent custody of Doris and Louis to a request for a PPLA.
On May 22, 2000, the juvenile court granted permanent custody of Alejandro to CCDCFS and denied permanent custody of Jonathan and instead committed him to a PPLA. The court also granted the CCDCFS motion for a PPLA regarding Louis and Doris.
Appellant now timely appeals and asserts four assignments of error.
 I. THE APPELLANT WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF HER OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS BECAUSE OF THE CUYAHOGA COUNTY JUVENILE COURT'S FAILURE TO PROVIDE A COMPLETE TRANSCRIPT OF THE PROCEEDINGS AND RENDER A TIMELY JUDGMENT.
Appellant argues that the transcript of the proceedings is incomplete because the direct testimony of CCDCFS social worker Jennifer Fow is missing. An affidavit filed with this court from the juvenile clerk of courts indicates that it cannot locate any other audiotapes of the proceedings.
Juv.R. 37(A) states in pertinent part:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * *.
This court has consistently held that the juvenile court's failure to follow the requirements of Juv.R. 37 as amended July 1, 1996, mandates reversal. In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695, unreported; In the Matter of: Jacque A. Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757, unreported; In re Mason (July 13, 2000), Cuyahoga App. No. 76532, unreported; In re Goff (June 12, 1999), Cuyahoga App. No. 75328, unreported; In re Hart (Dec. 9, 1999), Cuyahoga App. No. 75326, unreported; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256, unreported; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (1997), 124 Ohio App.3d 547.
CCDCFS concedes that part of the social worker's testimony is missing, but argues that the appellant should have submitted an App.R. 9(C) statement for that portion of the missing transcript. This court in In re Hart (Dec. 9, 1999), Cuyahoga App. No. 75326, unreported, addressed this issue and concluded as follows:
 This court is now called to balance the appellant's duty under App.R. 9 to see that the record, including the transcript, is filed with the appellate court and the court's duty to provide for the recording of the transcript pursuant to Juv.R. 37(A). Although in Miller, supra, [Miller held indigent parent has a constitutional right to a transcript] turned on the question of indigency, the basic principles are applicable to the case sub judice. * * * The appellate rule does not absolve the trial court from complying with the rules of procedure and recording a hearing in the first place.
Id. at 5. Therefore, we find that App.R. 9 does not operate to excuse the juvenile court's failure to provide a complete record as required pursuant to Juv.R. 37.
Appellant's assignment of error is well taken and this case is remanded for a new hearing regarding the permanent custody of Aguilar and the placing of the remaining children in a PPLA.
 II. THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT EITHER PLANNED PERMANENT LIVING ARRANGEMENT OR PERMANENT CUSTODY IS IN THE MINOR CHILDREN'S BEST INTEREST.
 III. THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT HAD NOT REMEDIED THE CONDITIONS WHICH CAUSED THE REMOVAL OF THE CHILDREN FROM THE HOME.
 IV. THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES DID NOT PROVE THAT IT MADE REASONABLE EFFORTS TO REUNIFY APPELLANT AND HER CHILDREN.
Given our disposition of the first assignment of error, these assignments of error are moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment reversed and remanded for hearing.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.