JOURNAL ENTRY and OPINION
Appellant Russell Austin appeals from the decision of the juvenile court which found him to be delinquent and committed him to the legal care and custody of the Ohio Department of Youth Services (ODYS). We reverse this decision and remand for a new dispositional hearing.
On December 3, 2000, a complaint was filed against Austin alleging that he was delinquent because he knowingly obtained, possessed, or used crack cocaine.
On January 10, 2001, Austin admitted to the allegations of the complaint, and the magistrate adjudicated him as delinquent and proceeded with the dispositional portion of the hearing. A representative of ODYS provided the court with a dispositional report. The trial transcript ends abruptly during the ODYS representative's testimony.
The magistrate submitted a written report which recommended that Austin be committed to the custody of ODYS. On January 29, 2001, the trial court approved the magistrate's decision and committed Austin to an indefinite period of institutionalization, consisting of a minimum of six months and a maximum period not to exceed his twenty-first birthday.
Austin appeals and raises the following assignments of error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A).
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO ENTER A DISPOSITION ON THE RECORD IN RUSSELL AUSTIN'S PRESENCE AT THE CONCLUSION OF THE ADJUDICATORY/DISPOSITIONAL HEARING.
Austin contends that the trial court failed to fully comply with Juv.R. 37(A) and Juv.R. 40(D) because the magistrate's dispositional decision was not recorded.
Juv.R. 37(A) provides:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
In addition, Juv.R. 40(D)(2) provides:
 Except as otherwise provided by law and notwithstanding the provisions of Juv.R. 37, all proceedings before magistrates shall be recorded in accordance with procedures established by the court.
Here, the entire adjudication proceeding was recorded as required by the Juv.R. 37(A) and Juv.R. 40(D)(2). However, although a significant portion of the dispositional hearing was recorded, the complete proceeding was not. Most significantly, the magistrate's dispositional decision was not recorded.
This court has consistently held that the trial court's failure to follow the requirements of Juv.R. 37, as amended July 1, 1996, mandates reversal. In re: Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695, unreported, citing, In re Mason, (July 13, 2000), Cuyahoga App. No. 76532, unreported; In re Collins (1998), 127 Ohio App.3d 278; In re Ward, (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (1997), 124 Ohio App.3d 547, 706 N.E.2d 839; In re McAlpine, (Dec. 3, 1998), Cuyahoga App. No. 74256, unreported; In re Goff, (June 17, 1999), Cuyahoga App. No. 75328, unreported.
While we acknowledge that the majority of the adjudicatory and dispositional hearings was recorded, the key portion of that hearing, the actual recommended disposition, was not recorded. Thus, Austin is entitled to a new hearing. In re Allen (Oct. 19, 2000), Cuyahoga App. No. 77421, unreported.
Accordingly, we reverse the decision of the trial court and remand the matter for a dispositional hearing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR