OPINION
This is an expedited appeal pursuant to App.R. 11.2(D). This case arose out of juvenile delinquency complaint in the Harrison County Court of Common Pleas, Juvenile Division. The complaint alleged that Appellant committed aggravated menacing based on a letter that she wrote and distributed at her school. The trial court, in a Journal Entry filed on February 7, 2001, ordered Appellant to be detained for ninety days at the Sargus Juvenile Detention Center. The record does not contain any record that Appellant was previously adjudicated delinquent in this matter. For this reason, we reverse the dispositional order of the juvenile court and remand this cause for further proceedings.
A question immediately arises as to whether the February 7, 2001, order constitutes a final appealable order pursuant to R.C. § 2505.02(B).
Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. §2505.03 grant courts of appeal jurisdiction to review only final appealable orders. If the judgment entered below does not constitute a final appealable order, this Court does not have jurisdiction over the appeal and it must be dismissed. Davison v. Rini (1996),115 Ohio App.3d 688, 692.
It has often been stated that a delinquency adjudication without a subsequent dispositional order does not constitute a final appealable order. In re Murray (1990), 52 Ohio St.3d 155, 161; In re Sekulich
(1981), 65 Ohio St.2d 13, 14; In re Solis (1997), 124 Ohio App.3d 547,550. The reverse is not necessarily true. R.C. § 2151.35(A)(1) provides, in pertinent part:
 "If the court at the adjudicatory hearing finds beyond a reasonable doubt that the child is a delinquent or unruly child or a juvenile traffic offender, the court shall proceed immediately, or at a postponed hearing, to hear the evidence as to the proper disposition to be made under sections 2151.352 to 2151.355 of the Revised Code."
It is apparent from the statute that an adjudication is a necessary prerequisite to a dispositional order in a juvenile delinquency case. Nevertheless, a dispositional order also disposes of the case and prevents the juvenile court from taking further action.
R.C. § 2505.02 sets forth five categories of final orders:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
"(5) An order that determines that an action may or may not be maintained as a class action."
It is clear that R.C. §§ 2505.02(B)(3-5) are not implicated in this appeal. For this appeal to qualify as final and appealable it must qualify under R.C. § 2505.02(B)(1) or (2): it must constitute the appeal of an order which affects a substantial right and which, in effect, completely determines the action. If not, it must affect a substantial right in a special proceeding.
R.C. § 2505.02(A)(1) defines "substantial right" as, "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
R.C. § 2505.02(A)(2) defines "special proceeding" as, "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."
"An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,63.
Juvenile court proceedings have been determined to be special proceedings by the Ohio Supreme Court. State ex rel. Fowler v. Smith
(1994), 68 Ohio St.3d 357, 360.
The dispositional order of the trial court affects Appellant's substantial rights because she has been ordered confined to a juvenile detention center, even though the status of her delinquency has been left unresolved by the trial court.
A court of record speaks only through its journal entries. State exrel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163. The record in this case does not contain a journal entry or any other reviewable evidence showing that the trial court actually adjudicated the delinquency complaint. Based on the record before us, it appears that the trial court went directly from the hearing phase to the dispositional phase of the case, and bypassed any formal adjudication. Therefore, from a procedural perspective, there has been no adjudication and the issue of delinquency remains pending in the lower court.
Appellant's assignments of error relate to the assumed adjudication of delinquency, rather than to the order of commitment to the juvenile detention center. The alleged errors include a failure to suppress evidence, a violation of Appellant's speedy trial rights, a failure to properly assign a visiting judge, a failure to grant a continuance and insufficient evidence of aggravated menacing. These are all issues that may become ripe for review only upon an adjudication of delinquency. The only matter reviewable in this appeal is the dispositional order.
It is very disturbing that the trial court not only failed to properly journalize an adjudication, but also held a hearing on January 17, 2001, without her counsel being present, at which hearing Appellant was ordered immediately to juvenile detention. The trial court also failed to file a journal entry memorializing that decision until three weeks later. The trial court appears to have rushed to judgment in this case without adhering to a number of fundamental procedural safeguards and requirements.
For the foregoing reasons, we reverse and vacate the February 7, 2001, decision and remand this cause for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Vukovich, P.J., concurs in judgment only.