OPINION
{¶ 1} Plaintiff-Appellant Monte Dontay Williams ("Williams") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Juvenile Division.
 {¶ 2} On June 18, 2005, officers answered a 911 call claiming that Williams had raped a juvenile, C.C. A complaint was filed on June 29, 2005, after the claim was investigated. The complaint alleged that Williams was delinquent due to the rape. A second count was included that Williams was delinquent by reason of sexual imposition. On November 18, 2005, the matter proceeded to trial. At the conclusion of the State's case, the trial court granted a motion to dismiss Count II of the indictment, but permitted the trial to continue regarding Count I. After the defense presented its case, the trial court found Williams to be delinquent by reason of rape. The matter was then transferred to Cuyahoga County, where Williams resides, for disposition. Williams appeals from this judgment and raises the following assignments of error.
The trial court erred to the material prejudice of [Williams]in finding [Williams] guilty of the charge of rape and, thereby,delinquent, in that the trial court's finding was against themanifest weight of the evidence.
 The trial court erred to the material prejudice of [Williams]in that there was insufficient evidence presented to substantiatea finding of guilty of the charge of rape, so as to support adelinquency adjudication.
Prior to addressing the assignments of error, it must be determined whether the matter is properly before the court. Appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In the event that the jurisdictional issue is not raised by the parties, then the Court of Appeals must raise it sua sponte.
See Davison v. Rini (1996), 115 Ohio App.3d 668.
In a juvenile proceeding, a delinquency adjudication without subsequent dispositional order does not constitute a "final order" that is subject to appeal. See R.C. 2501.02; In reMurray (1990), 52 Ohio St.3d 155; In re Sekulich (1981),65 Ohio St.2d 13; and In re Solis (1997), 124 Ohio App.3d 547.
In the instant case, the trial court adjudged Williams to be a delinquent child; however, the trial court transferred the matter to Cuyahoga County for disposition. Juv.R. 11 provides that a juvenile proceeding may be transferred upon the filing of the complaint or after the adjudicatory or dispositional hearing, and the county to which the proceeding is transferred shall proceed "as if the original complaint had been filed in that court."
As a result of the trial court's decision to transfer the proceeding to Cuyahoga County, the case against Williams proceeds as if the original complaint had been filed in Cuyahoga County. Juv.R.11. Therefore, the instant case remains pending in the Cuyahoga County Juvenile Court and all interlocutory orders entered to date will not be subject to review until a dispositional order is entered and a timely appeal taken to the appellate court with proper jurisdiction.
Accordingly, the judgment appealed is not a final order subject to appeal and the instant appeal must be dismissed for lack of jurisdiction.
Appeal Dismissed.
 Rogers and Cupp, JJ., concur.