**In re COLLINS.**

[Cite as *In re Collins* (1998), 127 Ohio App.3d 278.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72277.

Decided April 20, 1998.

*James A. Draper*, Cuyahoga County Public Defender, and *Kathleen W. Wood*, Assistant Public Defender, for appellant Christopher Collins.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Suzie Demosthenes*, Assistant Prosecuting Attorney, for appellee state of Ohio.

Rocco, Judge.

Appellant appeals the lower court's ruling committing him to an Ohio Department of Youth Services facility following an adjudicatory hearing in which, appellant alleges, the trial court failed to comply with the applicable Juvenile Rules. Since the trial court failed to make a record as mandated by Juv.R. 37(A), appellant's appeal is well taken, and this matter is reversed and remanded for a new adjudicatory hearing.

On June 17, 1996, a complaint was filed against appellant, Christopher Collins, a fifteen-year-old child. The complaint alleged that appellant was a delinquent because he had stolen a purse using force or the threat of force. Pursuant to

R.C. 2911.02(A), the offense, if committed by an adult, would be an aggravated felony of the second degree.

On October 15, 1996, a hearing was held before a magistrate in the Cuyahoga County Court of Common Pleas, Juvenile Division. The magistrate's report was issued on a preprinted form consisting of short statements with boxes for check marks. On this form, the magistrate found appellant to be "unruly."[1] The court approved the magistrate's report on October 18, 1996. The following statements were also checked:

"The referee explained the legal rights, procedures, and possible consequences of hearing pursuant to Juvenile Rule 29."

"Parties waived counsel."

"Whereupon the referee requested the child to admit or deny the allegation(s) of the complaint. The child voluntarily admitted the allegation(s) of the complaint."

A dispositional hearing was then held on November 19, 1996. On this form, the following statements were checked:

"Upon the complaint of affiant as to child herein heretofore adjudged: delinquent"[2]

"The referee explained legal rights, procedures, and possible consequences of hearing pursuant to Juvenile Rule 29."

"Parties waived counsel."

The court approved the referee report and journal entry on November 21, 1996, and ordered that appellant be placed in shelter care at Lincoln Place.

A delinquency complaint filed on February 10, 1997, by the Cuyahoga County Department of Children and Family Services alleged that appellant was delinquent pursuant to R.C. 2151.02(B) due to noncompliant behavior at Lincoln Place. Following a hearing on February 18, 1997, the report issued by the referee included checks by the following:

---

1. There is apparently a mistake in the record, since the referee report and journal entry documenting the October 15 hearing and signed by the judge adjudged appellant as unruly, while the transcript of docket entries notes that appellant was adjudged delinquent at that hearing.

2. The statement that appellant was previously adjudged delinquent in this referee report and journal entry may not be accurate. As noted above, the record is inconsistent regarding whether appellant was adjudged unruly or delinquent at the October 15 hearing. It is unclear why appellant failed to seek a writ of habeas corpus and/or to file an appeal and seek a stay in the lower court to determine whether appellant could be committed to the custody of the Ohio Department of Youth Services when the October 15 referee report and journal entry signed by the judge stated that appellant was found to be unruly, not delinquent.

"The parties waive counsel."

"The child voluntarily admitted the allegations of the complaint and the referee accepted such admission."

The court approved the entry, which also committed appellant to the custody of Ohio Department of Youth Services in a secure facility for an indefinite term, from a minimum of twelve months to a maximum of the date appellant attains the age of twenty-one.

Appellant timely filed his notice of appeal.

Appellant states the following three assignments of error:

"I. In accepting unrecorded, uncounseled admissions from a child, the juvenile court violated the Sixth Amendment right to counsel and the absolute mandate of Juvenile Rules 37(A) and 40(D)(2).

"II. By failing to create a record showing that a child's admissions were knowing and voluntary, the juvenile court violated the due process requirements of Juv.R. 29(D).

"III. The commitment of Christopher Collins to the Ohio Department of youth services was illegal because it is not authorized under R.C. 2151.355(A)(5)(c)."

Appellant's first and primary contention is that the trial court erred by conducting the hearings without making a record of the proceedings.

Juv.R. 37(A), effective July 1, 1996, provides:

"The juvenile court *shall make* a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device." (Emphasis added.)

The state does not oppose appellant's position, and, since no record was made, it is clear that the trial court failed to comply with the mandates of Juv.R. 37(A).

Appellant's first assignment of error is well taken. This matter is reversed and remanded to the lower court for a new adjudicatory hearing in compliance with the applicable Juvenile Rules. Appellant's remaining assignments of error are, therefore, moot.

Upon agreement of counsel for both appellant and appellee, and for good cause shown, the appellant is to be committed to the emergency care and custody of the Cuyahoga County Children and Family Services pending the rehearing by the

Cuyahoga County Court of Common Pleas, Juvenile Division. The trial judge shall make the necessary arrangements for the placement of appellant upon his release from the custody of the Ohio Department of Youth Services.

DYKE, P.J., and O'DONNELL, J., concur.