JOURNAL ENTRY and OPINION
Appellant Brian Allen appeals the judgment of the juvenile court finding him delinquent due to resisting arrest and assault of a police officer and sentencing him accordingly. Allen assigns the following four errors for our review:
 I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE RESISTING ARREST CHARGE AGAINST THE APPELLANT BECAUSE THE ARREST OF APPELLANT WAS UNLAWFUL.
 II. APPELLANT'S COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR THE DISMISSAL OF THE RESISTING ARREST CHARGE.
 III. THE FAILURE OF THE JUVENILE COURT TO RECORD THE ADJUDICATORY HEARING IN ITS ENTIRETY AND FAILURE TO RECORD THE DISPOSITIONAL HEARING CONSTITUTES REVERSIBLE ERROR.
 IV. THE TRIAL COURT ERRED BY OVERRULING COUNSEL'S OBJECTION TO THE STATE'S REFRESHING THE RECOLLECTION OF A WITNESS WITH AN UNSIGNED STATEMENT.
Having reviewed the record and the legal arguments of the parties, we conclude the trial court failed to properly record Allen's adjudicatory and dispositional hearings. Therefore, we reverse the judgment of the trial court and remand this case for re-hearing. The apposite facts follow.
The state charged Allen with aggravated burglary, three counts of felonious assault, one count of assaulting an officer and one count of resisting arrest. The charges arose in connection with a large street fight between neighbors and their family and friends.
The case against Allen came on for adjudicatory hearing on November 4, 1999 and continued on December 2, 1999. At the close of the state's case, defense counsel moved the trial court to dismiss the charges of aggravated burglary and felonious assault. In response, the trial court reduced the aggravated burglary charge to aggravated trespass and dismissed the felonious assault charges altogether. However, the trial court allowed the case to go forward on the charges of assaulting a peace officer and resisting arrest. While the court recorded the majority of the adjudicatory proceedings, the court failed to record key portions of both Officer Gibson's and Allen's testimony.
After hearing Allen's case in defense, the trial court found Allen delinquent and committed him to the Ohio Department of Youth Services. However, the trial court suspended the commitment and placed Allen on probation with the conditions he participate in the Life Skills Program, subject himself to random drug screening and perform fifty hours of community service. No evidence exists indicating the trial court recorded Allen's dispositional hearing. Allen appealed.
We conclude Allen's third assignment of error is dispositive of the appeal before us. Therefore, we address that assignment out of order. In his third assignment of error, Allen argues the trial court erred in failing to record the adjudicatory hearing in its entirety and in failing to record any of the dispositional hearing. Allen contends the trial court's failure to appropriately record the proceedings entitles him to a new hearing. We agree. Juv.R. 37(A), provides:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
Here, the trial court failed to completely record the adjudicatory proceedings. Notably, the transcript does not contain testimony from Officer Gibson describing the events leading to Allen's alleged assault upon him and the charge of resisting arrest. Further, it appears the trial court failed to record Allen's dispositional hearing. Failure to record juvenile proceedings as required under Juv.R. 37(A) constitutes reversible error. See In re Collins (1998), 127 Ohio App.3d 278, In re Solis (1997), 124 Ohio App.3d 547; In re McAlpine (December 3, 1998), Cuyahoga App. No. 75326, unreported. We conclude Allen's third assignment of error is well taken. Accordingly, we reverse the trial court's judgment and remand this case for hearing consistent with this opinion. Having so decided, we conclude Allen's first, second and fourth assignments of error are moot.
Judgment reversed.
This cause is reversed and remanded for re-hearing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and
MICHAEL J. CORRIGAN, J., CONCUR.
______________________________ PATRICIA ANN BLACKMON, JUDGE