JOURNAL ENTRY AND OPINION
Sheila Henderson appeals from a judgment of the juvenile court granting permanent custody of her three minor children, Ronald, Jailan and Tieva, to the Cuyahoga County Department of Children and Family Services. On appeal, she argues in part that the juvenile court failed to hold separate adjudicatory and dispositional hearings pursuant to R.C. 2151.35(B)(1). CCDCFS urges the court conducted separate hearings; however, CCDCFS acknowledges that the juvenile court failed to make a complete record of its proceedings. Without a complete transcript, we are unable to conduct a meaningful review of this appeal. Accordingly, we reverse the judgment of the juvenile court and remand this case for further proceedings consistent with Juv.R. 37(A), R.C. 2151.35 and this opinion.
As a result of previous juvenile court cases involving the mother's drug abuse and neglect of her children, the juvenile court placed Ronald (D.O.B. April 20, 1990), Jailan (D.O.B. May 4, 1994) and Tieva (D.O.B. December 19, 1996) in the legal custody of their maternal aunt, Rhonda Henderson, on February 20, 1997. Thereafter, the mother regained physical custody of the children without the knowledge or approval of CCDCFS and the court. During this time, CCDCFS received two referrals regarding the abuse of Jailan by her mother.
On September 17, 1998, CCDFCS filed a complaint in the juvenile court for the permanent custody of Henderson's children, averring that she continued to abuse and neglect her children. In an order dated September 29, 1998, the court committed the children to the temporary custody of CCDCFS.
Subsequently, on December 3, 1998, the court commenced an adjudicatory and dispositional hearing. The court continued the hearing on January 11, 1999, and concluded it on January 12, 1999. In an order dated July 1, 1999, the court ordered the children committed to the permanent custody of CCDCFS. From that order, Henderson filed a timely notice of appeal with our court, raising three assignments of error. We shall consider the second assignment of error first, as we have determined it controls our resolution of this matter.
 II. THE JUVENILE COURT'S FAILURE TO HOLD A DISPOSITIONAL HEARING FOR THE PURPOSE OF CONSIDERING THE BEST INTERESTS OF APPELLANT'S CHILDREN DENIED APPELLANT'S DUE PROCESS RIGHTS AND ABRIDGED HER FUNDAMENTAL RIGHT TO RAISE RONALD, JAILAN AND TIEVA.
In her second assignment of error, Sheila Henderson contends that the juvenile court failed to hold separate adjudicatory and dispositional hearings as mandated by R.C. 2151.35. CCDCFS, on the other hand, maintains the court bifurcated its proceedings and conducted separate adjudicatory and dispositional hearings. CCDCFS recognizes that the court failed to make a complete record of the proceedings, but urges this court to presume regularity in the conduct of the juvenile court hearings and to infer that the court bifurcated the proceedings during a gap in the transcript. CCDCFS also notes the parties filed an App.R. 9(C) statement in lieu of the missing transcript. However, our review of the App.R. 9(C) statement reveals that it does not deal with the issue of bifurcation.
R.C. 2151.35 provides:
 (B)(1) If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing. The court may hold the dispositional hearing for an adjudicated abused, neglected, or dependent child immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing. (Emphasis added.)
"In proceedings where parental rights are subject to termination, both the Juvenile Rules and the Revised Code prescribe that such proceedings be bifurcated into separate adjudicatory and dispositional hearings." In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, syllabus. As the Supreme Court of Ohio noted in In re Riddle (1997), 79 Ohio St.3d 259, 265:
 The requirement that the trial court hold bifurcated hearings in cases such as this helps to direct the focus of the initial inquiry into whether a child is neglected or dependent (the allegations in this case) away from the custody issue. See In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 17 OBR 469, 479 N.E.2d 257, paragraph one of the syllabus (construing and applying R.C. 2151.35 and Juv.R. 29 and 34). At the adjudicatory hearing, the trial court considers whether the child is a neglected or dependent child. As mentioned above, the fault of the parent, guardian, or custodian is relevant to a neglect adjudication under R.C. 2151.03(A)(2). However, the overall issue to be decided at such an adjudicatory hearing is whether the child is a neglected child. A dispositional hearing is held only if the trial court first determines that the child is a neglected child.
Upon review of the record before us, we are unable to conclude that the juvenile court conducted separate adjudicatory and dispositional hearings as required by statute or whether the hearings commenced on December 3, 1998, and continued on January 11 and 12, 1999, constituted one combined proceeding. As the mother notes, the sequence of witnesses indicates the continuance of one hearing as opposed to separate adjudicatory and dispositional hearings.
Juv.R. 37(A) states:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device. (Emphasis added.)
"This court has consistently held that the trial court's failure to follow the requirements of Juv.R. 37 as amended July 1, 1996, mandates reversal." In re Mason (July 13, 2000), Cuyahoga App. No. 76532, unreported, citing In re Collins (1998), 127 Ohio App.3d 278; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (1997), 124 Ohio App.3d 547; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256, unreported; In re Goff (June 17, 1999), Cuyahoga App. No. 75328, unreported.
CCDCFS even admits that the juvenile court failed to make a complete record of the adjudicatory and dispositional hearing. Although the parties attempted to redress the deficiency of the record by filing an App.R. 9(C) statement, that statement fails to address itself to the conclusion of the adjudicatory hearing or to the commencement of a separate dispositional hearing. Even considering this App.R. 9(C) statement which the parties have submitted in lieu of the missing portions of the record, we are unable to determine whether the juvenile court conducted separate hearings as required by R.C. 2151.35(B)(1).
Based upon the facts of this case, we have concluded that the recording system employed by the juvenile court to document proceedings in this permanent custody case failed to comply with Juv.R. 37(A), which states in relevant part, "* * *. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device." (Emphasis added.)
Plainly, the method of making and preserving the record for purposes of appellate review employed here is not adequate. Too often in other cases, as here, tapes are missing, inaudible or otherwise incomplete, or not kept with the record. Since the rule mandates the court to produce a record by means of an adequate recording device, the court is obligated to provide such a record to the parties in every case. That did not occur in the matter before us. We strongly urge the juvenile court to consider the more traditional and more reliable use of court stenographers, especially in cases involving permanent custody, which we believe would better comply with the provisions of Juv.R. 37(A) and provide a more efficient method to make a complete, reliable and adequate record for appellate review.
Accordingly, we reverse the judgment of the trial court and remand the case to the juvenile court for further proceedings consistent with Juv.R. 37(A), R.C. 2151.35 and this opinion.
 I. IN TERMINATING APPELLANT'S PARENTAL RIGHTS WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. 2151.353, THE TRIAL COURT COMMITTED REVERSIBLE ERROR.
 III. THE COURT'S FINDING THAT REASONABLE EFFORTS WERE MADE TO PREVENT THE CONTINUED REMOVAL OF APPELLANT'S CHILDREN WAS UNSUPPORTED IN THE RECORD.
Our disposition of the second assignment of error renders the remaining assignments moot, and, pursuant to App.R. 12(A)(1)(c), we decline to address them.
Judgment reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and COLLEEN CONWAY COONEY, J. CONCUR.
 ______________________________ TERRENCE O'DONNELL, JUDGE