Because I believe that In re Collins (1998), 127 Ohio App.3d 278,280, does not stand for the proposition that "failure to record juvenile proceedings as mandated under Juv.R. 37(A) results in reversible error," and not every failure to record the proceedings in the juvenile court under Juv.R. 37(A) should ipso facto create a reversible error, I respectfully concur in judgment only.
Juv.R. 37(A) states that the juvenile court "shall" make a record of all the adjudicatory and dispositional hearings and proceedings before magistrates. While I agree with the majority that this language makes it mandatory for the juvenile court to make a record for all of its proceedings, the analysis should not end there. Dismissal should follow only where the assignment of error raised by the appellant implicates a portion of the record that was not properly preserved. To hold otherwise is to find reversible error where the omission of a trivial part of the record, say, for example, a pre-trial appearance before a magistrate, was not in any way material to the appellant's claim. I believe that this Court should review cases on a case by case basis to determine whether the omitted portion of the record is necessary to the resolution of their appeal before reflexively reversing and remanding such cases. Therefore, I would hold that failure to record juvenile proceedings as mandated under Juv.R. 37(A) may result in reversible error.
I concur with the result upon the facts of this particular case.