I concur in the judgment reached by the majority, but write separately to point out that the lack of an adequate record in this case contravenes Juv.R. 37(A).
Juv.R. 37(A) mandates the following:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device. (Emphasis added.)
Recently, in In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695, unreported, we addressed the shortcomings of the audio recording system utilized by the Juvenile Division of the Cuyahoga County Court of Common Pleas. In that case, we stated:
 This court has consistently held that the trial court's failure to follow the requirements of Juv.R. 37 as amended July 1, 1996, mandates reversal. In re Mason (July 13, 2000), Cuyahoga App. No. 76532, unreported, citing In re Collins (1998), 127 Ohio App.3d 278, 712 N.E.2d 798; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (1997), 124 Ohio App.3d 547, 706 N.E.2d 839; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256, unreported; In re Goff (June 17, 1999), Cuyahoga App. No. 75328, unreported.
* * *
 Plainly, the method of making and preserving the record for purposes of appellate review employed here is not adequate. Too often in other cases, as here, tapes are missing, inaudible or otherwise incomplete, or not kept with the record.
 Since the rule mandates the court to produce a record by means of an adequate recording device, the court is obligated to provide such a record to the parties in every case. That did not occur in the matter before us. * * *
Here, once again, the partial transcript maintained by the juvenile court of the VCO hearing held on February 5, 2001, is inadequate on its face, with the word inaudible used on numerous occasions. In addition, the juvenile court has failed to provide any transcript at all of two previous hearings also at issue in this appeal, notwithstanding Sandoval's request for the entire transcript in the praecipe filed with his notice of appeal in this court.
Regrettably, the juvenile court's lack of attention to matters previously addressed by our court in other appeals requires reversal and remand for yet further proceedings. In my view, this is an urgent situation which demands the immediate attention of the Administrative Judge of the Juvenile Division and, as recommended in the Henderson decision, I again urge the juvenile court to consider the more traditional and more reliable use of court stenographers, which is the means of recording proceedings in the General and Domestic Relations Divisions of the Common Pleas Court. This method of recording proceedings, unlike the failed tape recording system used by the Juvenile Division, would better comply with the provisions of Juv.R. 37(A) and would provide a more efficient method to make a complete, reliable, and adequate record for appellate review. To do less is to abrogate that rule and further frustrate the legitimate rights of the litigants, lawyers, and judges who expect and are entitled to the proper administration of justice in the juvenile court.