JOURNAL ENTRY and OPINION
{¶ 1} K.J. appeals from judgments of the juvenile court committing her to the custody of the Ohio Department of Youth Services (ODYS) and separately denying her motion to recalculate her detention credit. We have consolidated these two appeals and have concluded that, because the record does not establish a knowing, intelligent, and voluntary waiver of her right to counsel at the time she admitted to allegations in the complaint filed against her, we are obligated to reverse the judgment and remand this case to the juvenile court for further proceedings.
{¶ 2} The history of this case reflects that on January 16, 2000, K.J., appearing with her mother and assigned counsel before Magistrate Walsh in the juvenile court, denied allegations in a complaint for domestic violence and open container violation filed against her, and the court placed her in shelter care.
{¶ 3} On February 14, 2000, however, the state dismissed that complaint, and the court ordered K.J. to be placed in secure detention pending the refiling of the complaint. On March 13, 2000, Detective Miller Cooper of the Cleveland Police Department filed a new complaint relating to the same incidents, alleging her to be a delinquent child for domestic violence in violation of R.C. 2919.25(B), a felony of the fifth degree, and for the same open container offense as alleged in the original complaint.
{¶ 4} On March 21, 2000, K.J. entered an admission to those new charges; the court then accepted her admission and adjudicated her to be a delinquent child.
{¶ 5} K.J. remained in the detention center until June 28, 2000, when, following a dispositional hearing, the court committed her to the custody of the probation officer for placement at St. Anthony's Villa.
{¶ 6} On July 10, 2000, K.J. absconded from St. Anthony's Villa; the record reflects that the next day, K.J.'s probation officer filed a motion for violation of a court order.
{¶ 7} The docket reflects that on August 18, 2000, a juvenile court magistrate held a hearing on the violation of the court order charge and issued an entry, approved by the court, stating that K.J. had admitted to that charge.
{¶ 8} On August 31, 2000, the court conducted a dispositional hearing and, thereafter on September 7, 2000, journalized an entry which referenced the offense of a felony of the fifth degree and committed K.J. to the custody of ODYS for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed her 21st birthday; it also gave her 14 days' credit for the time she served in the detention center subsequent to her placement at St. Anthony's Villa.
{¶ 9} On March 19, 2001, K.J., through counsel, filed a Notice of Limited Appearance and a Motion for Recalculation of Detention Credit, requesting the court to issue an order giving her credit for the 165 days she had spent in the Cuyahoga County Juvenile Detention Center from January 16 until June 29, 2000.
{¶ 10} In an order journalized on April 23, 2001, the court disallowed K.J. credit for time served in the detention center prior to her placement at St. Anthony's Villa, explaining that the placement at St. Anthony's Villa arose from the delinquency complaint whereas the court committed her to the ODYS for violating a court order.
{¶ 11} On May 4, 2001, K.J. filed a timely appeal, App. No. 79612, from this order by the court.
{¶ 12} Also on that date, K.J. filed a delayed appeal from the court's September 7, 2000 judgment, which we denied. On July 5, 2001, K.J. refiled that delayed appeal as a direct appeal, App. No. 79940, claiming that she never received the September 7, 2000 judgment in accordance with Civ.R. 58(B). Thereafter, this court granted K.J.'s motion to consolidate these two appeals for record, briefing, hearing and disposition.
{¶ 13} Because K.J. filed her notice of appeal from the September 7, 2000 order more than one year after the court issued the order, we must determine, as an initial matter, whether we have jurisdiction to hear that appeal.
{¶ 14} In a recent decision, In Re Anderson (2001),92 Ohio St.3d 63, 748 N.E.2d 67, the court considered an identical claim by a juvenile and stated the following:
 {¶ 15} * * * [W]e hold that a juvenile court proceeding is a civil action. * * * [W]e find that the Civil Rules and the Appellate Rules pertaining to the filing of a civil notice of appeal apply to appeals from the juvenile court.
 {¶ 16} For civil cases, App.R. 4(A) requires the notice of appeal to be filed within thirty days of the latter of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Civ.R. 58(B). App.R. 4(A) thus contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B). Civ.R. 58(B) requires the court to endorse on its judgment a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. The clerk must then serve the parties within three days of entering judgment upon the journal. The thirty-day time limit for filing the notice of appeal does not begin to run until the latter of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B). (Citation omitted.)
 {¶ 17} Here, the trial court never endorsed upon the judgment entry the required direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal pursuant to Civ.R. 58(B). Moreover, the juvenile court's docket contains no indication that appellant was ever served with notice. Therefore, the time for filing a notice of appeal never began to run because the trial court failed to comply with Civ.R. 58(B). Therefore, appellant's appeal in this case was timely filed under App.R. 4(A). (Emphasis added.)
{¶ 18} Here, as in Anderson, the court never ordered the clerk to serve K.J., nor did she at any time receive notice of either the September 7, 2000 judgment or the date the court journalized the judgment, as required by Civ.R. 58(B). Therefore, in accordance with Anderson, we conclude K.J. timely filed her appeal from the court's September 9, 2000 order.
{¶ 19} K.J. presents five assignments of error for our review. We will consider her second assignment of error first as it determines our resolution of this consolidated appeal. It states:
 {¶ 20} THE TRIAL COURT VIOLATED KRYSTAL JONES' RIGHT TO COUNSEL AND DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 4 AND 29.
{¶ 21} K.J. urges that her adjudication as a delinquent child and the subsequent disposition must be reversed because the court failed to obtain a knowing, intelligent, and voluntary waiver of counsel in violation of her constitutional rights to counsel.
{¶ 22} The case of In re Gault (1967), 387 U.S. 1,87 S.Ct. 1428, stands for the proposition that juveniles must be afforded representation by legal counsel at all stages of the proceedings in juvenile court. The Ohio legislature codified this constitutional requirement in R.C. 2151.352, which provides:
 {¶ 23} A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person.
{¶ 24} In addition, Juv. R. 4 states:
 {¶ 25} Every party shall have the right to be represented by counsel and every child * * * the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding.
{¶ 26} This right to counsel may be waived, provided that the juvenile makes a voluntary, knowing, and intelligent waiver of this right. See In re East (1995), 105 Ohio App.3d 221, 223, 663 N.E.2d 983.
{¶ 27} Here, the record reflects that K.J. admitted to the charges of domestic violence and open container violation at the March 21, 2000 adjudicatory hearing, and at this hearing, the court adjudged her to be delinquent. The record indicates, however, that K.J. appeared at this hearing without counsel. The court's attempt in ascertaining whether she waived her right to counsel consists of the following colloquy:
 {¶ 28} THE COURT: * * * Now, you have certain rights. You have the right to an attorney. If you cannot afford one, one will be appointed for you. Do you wish you have an attorney?
{¶ 29} KJ: No.
{¶ 30} The issue for our resolution here is thus whether this colloquy is sufficient to establish a knowing voluntary, knowing, and intelligent waiver of the juvenile's right to counsel.
{¶ 31} Our court has recently addressed this issue in the context of a very similar colloquy. In In re Smith (2001), 142 Ohio App.3d 16,753 N.E.2d 930, we provided the following analysis:
 {¶ 32} * * * Here, the court told the juvenile that she was entitled to counsel and that the state would appoint counsel if she could not afford it. This colloquy was insufficient, under the circumstances, to establish a knowing waiver of the right to counsel.
 {¶ 33} In In re Johnson (1995), 106 Ohio App.3d 38, 665 N.E.2d 247, the court of appeals considered a nearly identical factual situation. A juvenile court referee asked Johnson if he understood that he had the right to counsel and that if he could not afford an attorney, one would be appointed for him. Johnson told the referee that he understood the right to counsel and said, I don't want one. The court of appeals found this colloquy gave a basic explanation to Johnson, but failed to inquire into any circumstances that would demonstrate that Johnson knowingly, intelligently, and voluntarily waived his right to counsel * * * Id., 106 Ohio App.3d at 42, 665 N.E.2d at 249.
 {¶ 34} The court's colloquy in this case went no further than that in Johnson. The court told the juvenile, [Y]ou have the right to an attorney. If you cannot afford one, one will be appointed for you. Do you wish to have an attorney? When the juvenile replied, No, the court said, [T]he juvenile waives her right to an attorney.
 {¶ 35} The court did not attempt to ascertain whether the juvenile understood the nature of the right to counsel that she would be waiving. Consistent with the holding in Johnson, we find that this colloquy did not establish that the juvenile fully understand (sic) the nature of the right that she was waiving.
{¶ 36} The attempt made by the court in the instant case as reflected by the record before us is similar to that made by the trial court in Johnson and Smith, and, likewise, it falls short of the court's obligations to ascertain that the juvenile understood the nature of the right to counsel that she would be waiving. Cf. State v. Gibson (1976),45 Ohio St.2d 366, 45 Ohio St.2d 366 (The trial court obtained proper waiver of the juvenile's rights to counsel when it advised the defendant, I am going to caution you very very carefully that's about the same thing as going in an operating room and trying to remove your own appendix, and further informed the juvenile that he was bound by the same rules of evidence as an attorney and strongly encouraged the juvenile to have counsel represent him.).
{¶ 37} Therefore, we are compelled to reverse the court's adjudication and disposition and remand this case for further proceedings because we are without a sufficient record indicating that K.J. knowingly, intelligently, and voluntarily waived her right to counsel.
{¶ 38} Although our resolution of this assignment of error renders the remaining assignments moot, we are not unmindful of K.J.'s first assignment of error, where she maintains that she should have been given credit for the days she spent in the detention center in connection with the state's complaint of domestic violence and open container violation. R.C. 2151.355(F)(6) states:
 {¶ 39} When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to division (A)(4) or (5) of this section, the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. (Emphasis added.)
{¶ 40} Our review of the court's September 7, 2000 order reflects that the court committed K.J. to ODYS based on the complaint of domestic violence and open container violation, and we remind the court to carefully consider this issue on remand.
{¶ 41} We also comment on K.J.'s third assignment of error, which states:
 {¶ 42} THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A).
{¶ 43} K.J. complains that her August 18, 2000 adjudicatory hearing lacks a transcript and that, therefore, the record is insufficient to establish that she knowingly and voluntarily entered an admission to the charge of violation of court order. She maintains that this contravention of Juv.R. 37(A) mandates a reversal.
{¶ 44} The state claims that the August 18, 2000 hearing is not an adjudicatory hearing, hence no recording is necessary.
{¶ 45} Juv.R. 37(A) states:
 {¶ 46} The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in short-hand, stenotype, or by any other adequate mechanical, electronic, or video recording device. (Emphasis added.)
{¶ 47} In addition, Juv.R. 40(D)(2) also requires all proceedings before a magistrate to be recorded.
{¶ 48} Juv.R. 29 (D) states in pertinent part:
 {¶ 49} The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 50} (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.
 {¶ 51} (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
{¶ 52} Our court has consistently held that a trial court's failure to record juvenile proceedings as required by Juv.R. 37(A), as amended July 1, 1996, constitutes reversible error. See In re Garcia(Apr. 12, 2001), Cuyahoga App. 78153; In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695; In the Matter of: Jacque A. Clayton (Nov.9, 2000), Cuyahoga App. No. 75757; In re Mason (July 13, 2000), Cuyahoga App. No. 76532; In re Goff (June 17, 1999), Cuyahoga App. No. 75328; In re Collins (1998), 127 Ohio App.3d 278, 712 N.E.2d 798; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256; In re Ward (June 12, 1997), Cuyahoga App. No. 71245; In re Solis (1997), 124 Ohio App.3d 547,706 N.E.2d 839.
{¶ 53} Here, the docket reflects that K.J. appeared in court on August 18, 2000, before a magistrate for a hearing on her violation of court order, pursuant to which the magistrate filed a journal entry stating that K.J. had voluntarily admitted to the allegations by the state. Despite efforts by K.J.'s appellate counsel to secure the complete record of all proceedings conducted in K.J.'s case before the juvenile court, Exhibit A-47, attached to the appellant's brief, is an affidavit from Theresa Sommer, a Deputy Clerk with the Cuyahoga County Juvenile Court, which states, in relevant part: Our office was not given a tape from the hearing held on August 18, 2000.[1]
{¶ 54} Juv.R. 29(D) imposes a duty on the court to ensure that a juvenile makes a voluntary admission with understanding of the nature of the allegations and consequences of admission and understands the rights waived by so doing. The court's failure to comply with Juv.R. 37(A) here thus deprives us of the ability to conduct appellate review to determine whether the court afforded K.J. her due process rights regarding her admission. Given the mandatory requirements of Juv.R. 37(A), this failure by the court, independent of the improper waiver of counsel, calls for reversal of the judgment committing K.J. to the custody of ODYS.[2]
{¶ 55} We urge the juvenile court to remedy its repeated failure to create a record for appellate review. The tape recording system currently employed by the court for purposes of making records has consistently been found inadequate to fulfill the court's obligation imposed by Juv.R. 37: it is subject to inaudible responses and poses a great likelihood of misplaced or reused tapes. We therefore again remind the juvenile court that its duty of creating a record can be best achieved by the use of court stenographers.
Judgments reversed. Matter remanded with instructions for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. CONCURS ANNE L. KILBANE, P.J. CONCURS IN JUDGMENT ONLY
[1] We recognize that App.R. 9(C) imposes a duty on appellant to file a transcript of proceedings with our court or to prepare and file a statement of proceedings; however, we have consistently concluded that this requirement does not absolve the trial court from complying with the rules of procedure and recording in a hearing in the first place. See In re Garcia (Apr. 12, 2001), Cuyahoga App. No. 78153; In re Hart (Dec. 9, 1999), Cuyahoga App. No. 75326.
[2] The state's contention that this hearing is not an adjudicatory hearing and therefore falls outside the ambit of Civ.R. 37(A) is disingenuous. First, a hearing where a juvenile enters an admission is an adjudicatory hearing, as reflected in Juv.R. 29 itself: the rule is styled ADJUDICATORY HEARING and, in Subsection (D), provides the proper procedure for entry of an admission. Second, Juv.R. 37(A) requires the court to make a record of all proceedings before magistrates, and this hearing took place before a magistrate.