DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Charles J. Estep appeals from the judgment of the Meigs County Court of Common Pleas, Juvenile Division, that imposed a previously stayed commitment to the Ohio Department of Youth Services because appellant apparently violated his probation. Appellant argues that the juvenile court erred by failing to make a recording of the hearing on his alleged probation violation.
 {¶ 2} We agree with appellant that the juvenile court erred by not recording the dispositional hearing and reverse the juvenile court's judgment lifting the stay on appellant's commitment.
 Statement of the Facts and Procedural Posture {¶ 3} In April 2000, a complaint was filed against appellant alleging that he was a delinquent child, as defined in R.C. 2151.02, in that appellant allegedly committed burglary, a violation of R.C. 2911.12.
 {¶ 4} At appellant's initial hearing, he entered an admission to the complaint. The juvenile court ordered that appellant be committed to the Ohio Department of Youth Services (ODYS) but stayed that commitment. The record is devoid of any conditions appellant was required to meet in order for the stay to remain in place.
 {¶ 5} In January 2001, another complaint was filed against appellant alleging a probation violation, in that appellant had violated the juvenile court's April 2000 order, a violation of R.C. 2151.01(B), by stealing two checks, forging them, and making false statements.
 {¶ 6} The juvenile court ordered that a hearing be held on appellant's alleged probation violation. The record contains no transcript of this hearing, and a statement regarding the hearing, pursuant to App.R. 9, is also not found in the record. Following the hearing, the juvenile court lifted the stay on appellant's previously ordered commitment to ODYS. The juvenile court ordered that appellant be committed to the custody of ODYS "for institutionalization in a secure facility for an indefinite term consisting of a minimum of one year and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years."
 {¶ 7} Appellant timely filed a notice of appeal. Among other filings, appellant also filed a motion for a transcript of the proceedings at the state's expense, a motion to proceed in forma pauperis, and a notice to the court reporter instructing her to prepare a transcript of the January 2001 proceedings concerning appellant.
 {¶ 8} The record was transmitted without transcript in April 2001, but notice of that transmission was not given to appellant's appointed counsel. An amended notice of transmission was filed one month later. Subsequently, appellant filed his brief asserting the following assignment of error for our review:[1]
 {¶ 9} "The trial court failed to record the sentencing hearing of the alleged delinquent child in violation of Ohio Revised Code 2151.35."
 Analysis {¶ 10} In his sole assignment of error, appellant argues that the juvenile court erred by failing to make a recording of the hearing on his probation violation and his dispositional hearing. Appellant relies on R.C. 2151.35 for his assertion that "a record of all testimony and other oral proceedings in juvenile court shall be made * * *." R.C.2151.35(A)(2). However, the statute that appellant relies on does not end there. It proceeds to state:
 {¶ 11} "a record * * * shall be made in all proceedings that are held pursuant to section 2151.414 of the Revised Code or in which an order of disposition may be made pursuant to division (A)(4) of section 2151.353 of the Revised Code, and shall be made upon request in any other proceedings." (Emphasis added.) R.C. 2151.35(A)(2).
 {¶ 12} R.C. 2151.414 deals with the procedures on a motion for permanent custody. R.C. 2151.353(A)(4) authorizes a juvenile court to make an order of disposition committing a child to the permanent custody of a children services or placement agency in certain cases where a child is adjudicated abused, neglected, or dependent. See R.C. 2151.353(A)(4). Neither of these scenarios is found in the case sub judice. Thus, contrary to appellant's position, R.C. 2151.35(A)(2) does not require the recording of the dispositional hearing of a child found to be delinquent, unless a party has requested that the recording be made.
 {¶ 13} However, although R.C. 2151.35(A)(2) does not require that a recording of the proceedings be made, Juv.R. 37 clearly does.
 {¶ 14} "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, anddelinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device." Juv.R. 37(A).
 {¶ 15} In In re Collins (1998), 127 Ohio App.3d 278, 712 N.E.2d 798, the Eighth Appellate District held that a juvenile court's failure to make a record of adjudicatory hearings in a delinquency case, as mandated by Juv.R. 37(A), justified reversal of the defendant's adjudication and disposition. The Collins court then remanded the case to the trial court for new proceedings in compliance with the rule.
 {¶ 16} Similarly, the Eleventh Appellate District has held:
 {¶ 17} "Since a transcript would aid independent appellate review, we hold that juvenile courts must strictly comply with the requirement in amended Juv.R. 37, and the failure to record adjudicatory or dispositional hearings contrary to that rule invalidates a juvenile's plea regardless of whatever information may be contained in the rest of the court's paperwork. Any other holding would eviscerate the rule." In re Dikun (Nov. 11, 1997), Trumbull App. No. 96-T-5558.
 {¶ 18} Failing to record the proceedings as required by Juv.R. 37(A) prejudices the party appealing from a juvenile court's judgment by effectively eliminating that party's ability to show potential errors by the juvenile court reflected in the transcript. See In re L.D. (Dec. 13, 2001), Cuyahoga App. No. 78750 (stating that "This deficiency strips this court of the ability to evaluate whether an appellant's constitutional rights have been properly explained and observed by the magistrates below.").
 {¶ 19} We are aware of the line of authority, cited by the state, which holds that, "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. However, this line of authority is not directly on point. In Knapp, for instance, a court reporter was present at trial but unable to transcribe her shorthand notes of the trial due to illness. See_Knapp, supra. Additionally, Knapp noted that there are, at times, facts that would preclude the application of the presumption of validity of lower court proceedings. See Knapp v. EdwardsLaboratories, 61 Ohio St.2d 197, 200, 400 N.E.2d 386. In addition, Knapp
did not involve the application of Juv.R. 37(A).
 {¶ 20} Thus, this line of authority is not directly applicable in the case sub judice because from the record it appears that the juvenile court made no attempt to record the proceedings. Although an appellant has the duty to provide a transcript for appellate review, it is illogical to affirm a judgment for failure to provide a transcript of the proceedings when none was ever made, as required by Juv.R. 37(A). SeeKnapp, supra (stating that the duty to provide a transcript is upon an appellant because the appellant bears the burden of showing errors reflected in the record).
 {¶ 21} Accordingly, we hold that a juvenile court is required to comply with Juv.R. 37(A) and record adjudicatory and dispositional hearings in delinquency cases. See Dikun and Collins, supra. To hold otherwise would eviscerate the rule and hinder the ability of the parties to seek appellate review of juvenile court proceedings and judgments. Seeid.; In re L.D., supra.
 {¶ 22} We note, however, that there are other options accessible to an appellant when a transcript of court proceedings is not available. As the Supreme Court of Ohio has noted:
 {¶ 23} "App.R. 9(C) permits an appellant to submit a narrative transcript of the proceedings when a verbatim transcript is unavailable, subject to objections from the appellee and approval from the trial court. App.R. 9(D) authorizes parties to submit an agreed statement of the case in lieu of the record." (Emphasis sic.) Knapp v. EdwardsLaboratories, 61 Ohio St.2d 197, 199-200, 400 N.E.2d 386.
 {¶ 24} Therefore, although we find reversal necessary in the present case, we do not take the position that every recording failure or lack of transcript necessitates the reversal of the trial court's judgment.
 {¶ 25} Thus, appellant's sole assignment of error is sustained and the judgment of the Meigs County Court of Common Pleas, Juvenile Division, committing appellant to the custody of ODYS for his alleged probation violation is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.
[1] Appellant subsequently filed a motion to supplement the record with the transcript of the proceedings. However, appellant then filed a notice to accept his prior submission of his brief as filed because there was no record of any transcript of proceedings in his case.