JOURNAL ENTRY AND OPINION
{¶ 1} A.E. ("mother") appeals the termination of her parental rights by the juvenile court and the court's granting permanent custody to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). We find merit to the appeal and reverse and remand this case for further proceedings consistent with this opinion.
 {¶ 2} On April 10, 2000, CCDCFS filed a complaint alleging abuse and neglect and requesting temporary custody of the mother's children. The children were found to be abused and neglected and were placed in the temporary custody of CCDCFS in June 2000.
 {¶ 3} On January 19, 2001, CCDCFS filed a motion to modify temporary custody to permanent custody. The juvenile court conducted a hearing on the motion on May 29, 2002. The partial transcript from the hearing reveals that testimony was taken from defense witness Katie Williams, CCDCFS social worker Dora Frances Fraise, and the mother. However, the transcript ends during the direct examination of the mother. The juvenile court granted permanent custody of the children to CCDCFS in August 2002.
 {¶ 4} In her sole assignment of error, the mother argues the trial court committed reversible error by failing to comply with Juv.R. 37(A) because the transcript of the custody hearing is incomplete. It is undisputed that the tape recording of the custody hearing ended abruptly before the hearing was completed. The last page of the transcript of the tape sets forth a question to the mother on direct examination. Rather than providing her response, the transcript simply states "(END OF TAPE)" and there is no further transcription of any testimony from the hearing.
 {¶ 5} Juv.R. 37(A) states in pertinent part:
"The juvenile court shall make a record of adjudicatory anddispositional proceedings in abuse, neglect, dependent, unruly, anddelinquent cases; permanent custody cases; and proceedings beforemagistrates. * * *."
 {¶ 6} This court has consistently held that the juvenile court's failure to follow the requirements of Juv.R. 37 as amended July 1, 1996, mandates reversal. See, In re Garcia (Apr. 12, 2001), Cuyahoga App. No. 78153; In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695; In theMatter of: Jacque A. Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757; Inre Mason (July 13, 2000), Cuyahoga App. No. 76532; In re Goff (June 12, 1999), Cuyahoga App. No. 75328; In re Collins (1998), 127 Ohio App.3d 278,712 N.E.2d 798; In re Ward (June 12, 1997), Cuyahoga App. No. 71245; Inre Hart (Dec. 9, 1999), Cuyahoga App. No. 75326; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256; In re Ward (June 12, 1997), Cuyahoga App. No. 71245; In re Solis (1997), 124 Ohio App.3d 547, 706 N.E.2d 839.
 {¶ 7} CCDCFS concedes that part of the mother's testimony is missing, but argues that she should have submitted an App.R. 9(C) statement for that portion of the missing transcript. This court has also held that an App.R. 9(C) statement does not absolve the juvenile court's duty, pursuant to Juv.R. 37(A), to provide a record. See, In re JeremyN., Cuyahoga App. No. 79508, 2002-Ohio-3897; In re K.J., Cuyahoga App. Nos. 79612/79990, 2002-Ohio-2615; In re Garcia, supra; In re Hart, supra. In In re Hart, (Dec. 9, 1999), Cuyahoga App. No. 75326, this court addressed this issue and concluded:
"This court is now called to balance the appellant's duty under App.R.9 to see that the record, including the transcript, is filed with theappellate court and the court's duty to provide for the recording of thetranscript pursuant to Juv.R. 37(A). Although in [State ex rel. Hellerv.] Miller, supra, [61 Ohio St.2d 6, 399 N.E.2d 66 (1980)] [Miller heldindigent parent has a constitutional right to a transcript] turned on thequestion of indigency, the basic principles are applicable to the casesub judice. * * * The appellate rule does not absolve the trial courtfrom complying with the rules of procedure and recording a hearing in thefirst place."
 {¶ 8} Although an App.R. 9(C) statement may be appropriate in some cases, in this case, where parental rights are at stake and critical testimony is missing, an App.R. 9(C) statement is insufficient. Juv.R. 37(A) places the burden on the court, not the parties, to provide a complete record of the proceedings of a custody hearing. Therefore, we find that App.R. 9 does not operate to excuse the juvenile court's failure to provide a complete record as mandated by Juv.R. 37.
 {¶ 9} The sole assignment of error is well taken, and this case is remanded for a new permanent custody hearing.
PATRICIA ANN BLACKMON, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR