[Cite as *In re J.D.*, 2012-Ohio-5537.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE:                                          :
                                                :          Appellate Case No. 25129
               J.D.                             :
                                                :          Trial Court Case No. JC 2005-9381
                                                :
                                                :          (Juvenile Appeal from Montgomery
                                                :           County Juvenile Court)
                                                :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

REBECCA BARTHELEMY-SMITH, Atty. Reg. #0003474, 7821 North Dixie Drive, Dayton, Ohio 45414
          Attorney for Appellee

H. STEVEN HOBBS, Atty. Reg. #0018453, The Hobbs Law Office, 119 North Commerce Street, Post Office Box 489, Lewisburg, Ohio 45338-0489
          Attorney for Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant T.D. (the father) appeals from an order of the Montgomery County Court of Common Pleas, Juvenile Division, maintaining a shared parenting

arrangement and reducing his mid-week visitation from every Wednesday to alternating Wednesdays. The father assigns as error the failure of the trial court, during a hearing before a magistrate, to have recorded his own direct testimony and the entirety of the testimony of the Guardian Ad Litem. This claim of error was forfeited because the father became aware of the failure while the matter was still pending in the trial court, before judgment was rendered and an appeal was taken, but the father failed to seek a remedy in the trial court, which could have included reconstruction of the testimony while memories were still fresh, a return of the matter to the magistrate to re-take the testimony, or the taking of the missing testimony before the trial judge.

The father also contends that the order is not supported by the evidence and is contrary to law. Because the transcript of the trial testimony is incomplete, the record fails to support this contention. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} The father and S.S. (the mother) are the parents of a minor child, J.D. In 2006, the father filed a complaint to establish paternity and for an award of custody. The juvenile court entered a judgment acknowledging the father's paternity of J.D. A shared parenting plan was entered in 2006 designating the mother as the residential parent and providing for the father to have parenting time as set forth in the Standard Order of Parenting Time. The plan further gave the father additional overnight time every Wednesday from 4:30 p.m. to Thursday at 9:00 a.m. In 2008, a hearing was held on a motion for contempt, following which the parties agreed to continue with the shared parenting plan, with a

modification providing that the father's overnight visitation on every Wednesday be changed to alternating Wednesdays.

{¶ 3}    In May 2010, the father moved to terminate the shared parenting arrangement and have himself designated as the custodial parent.   The mother then moved for sole custody of the child in the event that the shared parenting plan were terminated.   The matter was tried before a magistrate on March 31 and June 10 of 2011.   The magistrate rendered a decision on June 30, 2011, that the parties should maintain the existing shared parenting plan.   The magistrate also designated the mother as the residential parent for purposes of school, because the child had been enrolled in the Brookville school system where the mother resided.

{¶ 4}    The father objected to the magistrate's decision.   In his objections, he noted that there was "no recording of [his own] direct testimony."   He further noted that the testimony of the Guardian Ad Litem had not been recorded.   His motion further stated that this was contrary to the local rules, but was "beyond [his] control."[1]

{¶ 5}    Upon review, the juvenile court denied the father's request to terminate the shared parenting plan.   The court concluded that "as the child attends Brookville City Schools,[and]   the mother maintains a residence in Brookville" the mother is designated as residential parent.   The father was given parenting time in accordance with the Standard Order as provided in the shared parenting plan, and was also permitted overnight parenting time on alternating Wednesdays.   The father appeals.

---

[1]    In his objections to the magistrate's decision, the father stated that "it is counsel's understanding from speaking with the Court Reporter the Magistrate did not turn on the audio recording device for the Plaintiff's direct examination."    There is nothing in the record either to corroborate or to refute this assertion.

**II.**

**{¶ 6}** The father's First Assignment of Error states as follows:

THE TRIAL COURT ERRED BY CONDUCTING THE HEARINGS

WITHOUT MAKING A RECORD OF THE PROCEEDINGS.

**{¶ 7}** The father contends that the juvenile court's order must be reversed because of the failure to make a complete record of the proceedings before the magistrate. Specifically he claims that the "court failed to record" his direct testimony as well as the testimony of the Guardian Ad Litem. In support, he cites Juv.R. 40 and *In re Collins*, 127 Ohio App.3d 278, 712 N.E.2d 798 (8th Dist. 998), for the proposition that the trial court's failure to make a recording of the proceedings constitutes reversible error. The mother cites App.R. 9(C) for the requirement that the father was required to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."

**{¶ 8}** In *Collins*, a minor was found to be unruly as a result of committing an act that, if he had been an adult, would constitute a theft offense. The child appealed, contending that the juvenile court erred by failing to make a record of the proceedings. *Id.* The Eighth District Court of Appeals agreed, citing Juv.R. 37(D) as requiring the court to make a record of the proceedings. *Id.* The judgment was reversed, and the cause was remanded for a new adjudicatory hearing. *Id.* The reason for the failure to make a record is not clear from the opinion.

**{¶ 9}** Juv.R. 40(D)(7) provides that "[e]xcept as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court." Juv.R. 37(A) provides that "[t]he juvenile court shall make a record of

adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates."

{¶ 10} The Supreme Court of Ohio has agreed that Juv.R. 37 "places primary responsibility upon the juvenile court to record proceedings in [the type of cases enumerated therein]." In re B.E., 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, ¶ 12. However, the Supreme Court went on to explain that in regard to the "interplay between Juv.R. 37(A) and App.R. 9(C)[,]" "when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." *Id.* at ¶ 6, 16.

{¶ 11} In the case before us, the father was aware that not all of the testimony was recorded while the case was still pending in the trial court – he so noted in his objections to the magistrate's decision. But the father failed to make any attempt, or request, to correct the record. And on appeal the father has not attempted, or requested, to file an App.R. 9(C) statement to supplement the record.

{¶ 12} The father, although aware of the deficiencies in the record, failed to make any attempt to correct the record at a time when the parties and the trial court could have corrected the problem. He claims that like the juvenile in *Collins*, he is not able to supplement the record, because neither he nor his counsel can now recollect the missing testimony. But the juvenile in *Collins* was not aware of the recording failure until after the judgment had been rendered in the trial court, an appeal had been taken, and the record was being made up for the appeal. It was then too late to take effective remedial action in the trial court, or, for that

matter, to use App.R. 9, since the missing testimony could not be recalled.

{¶ 13}   A party should not raise an issue for the first time on appeal when that issue could have been raised in the trial court.  *Cunningham v. Cunningham*, 4th Dist. Scioto No. 01CA2810, 2002-Ohio-4094, ¶ 8. In the case before us, in contrast with the situation in *Collins*, remedies were available in the trial court when, before judgment was rendered and an appeal was taken, the recording failure was discovered.   The father's direct testimony and the Guardian Ad Litem's testimony were more recent in time; therefore, there is a greater likelihood that with the collective memory of the father, his counsel, and the Guardian Ad Litem, the testimony could have been reconstructed.   And, if this had not been possible, the trial court could have returned the matter to the magistrate for the re-taking of this evidence, or it could have taken that evidence itself.   Juv.R. 40(D)(4)(b).

{¶ 14}   The error set forth in the father's First Assignment of Error was forfeited when it could have been, but was not, raised in the trial court.   Therefore, it is overruled.


### III.   The Record Does Not Support the Father's Claim that the Order of the Trial Court Is Not Supported by the Evidence or Is Contrary to Law

{¶ 15}   The father's Second and Third Assignments of Error are as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AS THERE WAS NO SHOWING OF CHANGE IN CIRCUMSTANCES TO JUSTIFY REDUCING THE PLAINTIFF/FATHER'S PARENTING TIME.

THE TRIAL COURT'S DISPOSITION OF PLAINTIFF'S/FATHER'S MOTION FOR CUSTODY IS CONTRARY TO LAW.

{¶ 16}   The father contends that the order of the juvenile court is not supported by the evidence and is contrary to law.

{¶ 17}   The trial court found that the termination of the shared parenting arrangement was not in the child's best interest, and that it was in the child's best interest, since he was now attending school, to have mid-week visitation with the father on alternating Wednesdays, rather than every Wednesday.

{¶ 18}   As noted in Part II, above, the transcript of the hearing in this case is incomplete.   Therefore, we cannot conclude that the evidence fails to support the juvenile court's findings in this regard.   Accordingly, the father's Second and Third Assignments of Error are overruled.

## IV.   Conclusion

{¶ 19}   All of the father's assignments of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Rebecca Barthelemy-Smith
7821 N. Dixie Drive
Dayton, OH 45414

H. Steven Hobbs
The Hobbs Law Office
119 N. Commerce Street
P.O. Box 489
Lewisburg, OH 45338-0489

**[Cite as *In re J.D.*, 2012-Ohio-5537.]**
Hon. Nick Kuntz
Montgomery County Juvenile Court
380 W. Second Street
Dayton, OH 45422